UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN PAUL MITCHIKOFF                                    CIVIL ACTION

VERSUS                                                  NO: 11-1878

JPMORGAN CHASE BANK, N.A. AND                           SECTION: R
JAMIE DIMON

## ORDER AND REASONS

Before the Court is a motion[1] to strike "Registration of Foreign Judgment" filed by defendants, JPMorgan Chase Bank, N.A. and Jamie Dimon. Plaintiff, John Paul Mitchikoff ("Mitchikoff"), has not filed a response to defendants' motion. For the following reasons, the motion is **GRANTED.**

I.   BACKGROUND

Defendants seek to have the Court strike a group of documents filed by Mitchikoff in this action as a "Registration of Foreign Judgment."[2] The documents consist of various "affidavits," "notices," "demands for payment," and "certifications of mailing," pursuant to which Mitchikoff apparently seeks to recover $60 million dollars from defendants for conversion. According to defendants, the "Registration of Foreign Judgment" filed in this action is part of a larger pattern of *pro se* litigants attempting to register "bogus" foreign judgments against defendants in this Court.[3] The

---

[1] R. Doc. 2

[2] R. Doc. 1

[3] R. Doc. 2-1 at 2. Similar documents labeled as "Registration of Foreign Judgment" have been filed by other plaintiffs in multiple actions that are pending in this Court against defendants. *See* Civil Action Nos. 10-4290, 11-1874, 11-1875, 11-1876, 11-1870, 11-1910, 11-1911, 11-1939, 11-

defendants argue that the "Registration of Foreign Judgment" filed in this action should be stricken pursuant to Federal Rule of Civil Procedure 12(f) because it is not a valid judgment issued by a federal court.[4]

**II. STANDARDS OF LAW**

    **A. Motion to Strike**

Federal Rule of Civil Procedure 12(f) allows a Court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." "The decision to grant or deny a motion to strike lies within the sound discretion of the trial court." *Chaverri v. Dole Food Co., Inc.*, 2012 WL 2087409, at *2 (E.D. La. 2012)(Barbier, J.)(citing *Tarver v. Foret,* 1996 WL 3536, at *1 (E.D. La. 1996)). A motion to strike pursuant to Rule 12(f) is "generally disfavored, and should be used sparingly" by the courts. *United States v. 3.17 Acres of Land*, 2012 WL 1327804, at *2 (E.D. La. 2012)(Berrigan, J.)(citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir. 1962)). However, this remedy "is appropriate where a pleading is insufficient as a matter of law." *Id.* (citing Fed. R. Civ. P. 12(f)).

In *Chrystal v. Huntington Nat'l Bank*, 2010 WL 1965870 (M.D. Fla. 2010), the court granted a defendant bank's motion to strike a group of documents similar to those at issue. The documents were filed by the plaintiff in that case as a "Registration of

---

2019, and 11-2020.

[4] R. Doc. 2-1 at 1.

Foreign Judgment." *Chrystal*, 2010 WL 1965870, at *1. However, the court found that none of the documents qualified as a "judgment," and it ordered the clerk of court to strike the documents from the public record. *Id.*

### B. Registration of Foreign Judgment

28 U.S.C. § 1963 provides, in pertinent part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown....A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

The goal of this statute is "to 'aid in the enforceability of federal judgments.'" *Juneau v. Couvillion*, 148 F.R.D. 558, 561 (W.D. La. 1993)(quoting *United States v. Kellum*, 523 F.2d 1284 (5th Cir. 1975)). However, "to be registrable, a judgment must be 'valid and subsisting in the jurisdiction of origin.'" *Id.* (quoting *Juneau Spruce Corp. v. Internat'l Lonshoremen's & Warehousemen's Union*, 128 F.Supp. 697, 700 (D. Haw. 1955)). Further, the plain language of § 1963 applies only to judgments issued by federal courts. *Marbury Law Group, PLLC v. Carl*, 729 F.Supp.2d 78, 83 (D.D.C. 2010)(quoting *Atkinson v. Kestell*, 954 F.Supp. 14, 15 n. 2 (D.D.C. 1997)); *see also Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F.Supp.2d 705, 708 (E.D. Ky. 2006)(finding that § 1963 "does not contemplate registration of a judgment from any court other than those

specifically enumerated therein.")(citing *Fox Painting Co. v. N.L.R.B.*, 16 F.3d 115, 117 (6th Cir. 1994)).

**III. DISCUSSION**

The documents filed by Mitchikoff as a "Registration of Foreign Judgment" do not contain a "certified copy" of a judgment from any federal court as required by 28 U.S.C. § 1963. Indeed, there is nothing in the documents that would qualify as a valid judgment from any recognized court, much less a federal court. The documents appear to have been authored and prepared by Mitchikoff, not by a court in connection with legitimate litigation.[5] Accordingly, the documents cannot be "registered" as a "foreign judgment" in this Court.

**IV. CONCLUSION**

For these reasons,

**IT IS ORDERED** that defendants' motion to strike is **GRANTED**.

**IT IS FURTHER ORDERED** that any further attempts to "register" these or similar documents will result in the imposition of sanctions.

New Orleans, Louisiana, this 3rd day of October, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5] The documents are signed by either Mitchikoff or a notary, not by any court official. R. Doc. 1 at 1, 5, 6, 11, 12, 15-17, and 20.

4